**YUN QIN LIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Board of Immigration Appeals, Edward J. McElroy, Interim Director, Bureau of Immigration and Customs Enforcement, New York, Respondents.**

**No. 07–2174–ag.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent.

Craig T. Donovan, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Yun Qin Lian, a native and citizen of the People's Republic of China, seeks review of an April 23, 2007 order of the BIA affirming the May 24, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Qin Lian*, No. A98 690 005 (B.I.A. Apr. 23, 2007), *aff'g* No. A98 690 005 (Immig. Ct. N.Y. City May 24, 2005). We assume the parties' familiarity with the facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). Nevertheless, we may vacate and remand for new findings when we determine that the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Here, we cannot avoid being troubled by language in the IJ's decision positing that because Lian recently terminated two pregnancies voluntarily in the United States due to poor fetal health, she may be infertile, incapable of "having healthy children," or otherwise afflicted with "a propensity for having abortions for medical reasons." *In re Yun Qin Lian*, slip. op. at 30. To the extent these assertions represent a finding by the IJ that Lian would be physically incapable of carrying a child to term, they are misplaced; no medical evidence in the record could support such a conclusion, even assuming it has relevance to her claims.[2]

**2.** In connection with this petition, Lian referenced an article from the Journal of the American Medical Association suggesting that the complications during her pregnancies may be attributable to the forced abortion procedures. We are sympathetic to the point that Lian's health issues, if relevant at all, can give rise to competing inferences. But because she never provided this article to the BIA, we may not consider it in this case. *See* 8 U.S.C. § 1252(b)(4)(A).

In addition, we have significant reservations about the IJ's conclusion that Lian gave "scant and flimsy testimony" when describing the abortion procedures she claimed to have been subjected to while in China. As we often note, when an IJ has concerns about the credibility of an alien's vague testimony, the appropriate course is to probe for further details. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151–52 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007). Because there always exists the potential for more description, a standard permitting an IJ "to rule against a petitioner who fails to anticipate the particular set of details that the fact-finder desires (but does not request, through questions directed to the applicant) is no standard at all." *Id.* at 151.

Lian testified before the IJ that with nurses holding her down and her legs bound in the air, she "hear[d] some kind of scratch metal noise and then some kind of equipment they put into my lower part of my body." She explained that she felt someone "put something inside of me and stirred it up. I only feel my lower abdomen was in pain, my back was in pain and my heart was feeling nausea." Neither Government counsel nor the IJ asked Lian to elaborate any further, and she could hardly have been expected to volunteer additional details about the procedure.

When "a case, like this one, rises and falls purely on an IJ's credibility finding, courts have been particularly concerned that the decision-maker carefully detail the reasoning leading to the adverse finding." *Secaida–Rosales v. INS*, 331 F.3d 297, 307

(2d Cir.2003). A determination based on flawed reasoning will not satisfy the substantial evidence standard. *Id.* at 309. Remand is therefore necessary in this case because the errors we have described undermine several of the grounds supporting the IJ's decision, making it impossible for us to state with confidence that the IJ would reach the same decision absent error. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006).[3]

On remand, the Government is free to argue that the socalled "abortion certificates" Lian submitted to the IJ were either inauthentic or otherwise inconsistent with her claim that she underwent forced abortions. *See generally Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). But inasmuch as the BIA once again "intends to take administrative notice of potentially dispositive facts, it must warn a petitioner and provide the petitioner with an opportunity to respond before it … enters a final order of removal on the basis of the administratively noticed facts." *See Burger v. Gonzales*, 498 F.3d 131, 132–33 (2d Cir.2007).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case REMANDED to the BIA for further proceedings. As we have completed our review, the pending motion for a stay of Lian's removal is DISMISSED as moot.

---

**3.** Under the circumstances, we strongly urge that this case be assigned to a different IJ.

*See Wu Zheng Huang v. INS*, 436 F.3d 89, 101–02 (2d Cir.2006).