*Tota v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

———————————————————————

ARSIM TOTA, AJRUSH TOTA,

*Petitioners*,

v.                                                                      20-2023-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

———————————————————————

FOR PETITIONERS:                            Adrian Spirollari, Brooklyn, NY.

FOR RESPONDENT:                            Brian Boynton, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Elizabeth K. Ottman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is remanded for further proceedings consistent with this decision.

Petitioners Arsim and Ajrush Tota, natives and citizens of Albania, seek review of a May 28, 2020 decision of the BIA affirming a July 6, 2018 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Arsim Tota, Ajrush Tota*, Nos. A206 427 444, A209 434 029 (B.I.A. May 28, 2020), *aff'g* Nos. A206 427 444, A209 434 029 (Immigr. Ct. N.Y. City July 6, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] The Government incorrectly contends that the petitioners have abandoned withholding of removal and CAT relief.  The agency denied those forms of relief because the petitioners were not credible; thus, any challenge to the adverse credibility determination necessarily relates to all forms of relief.  The petitioners have abandoned review of their motion to remand by not challenging the denial of it in their brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

2

Where, as here, the BIA affirms the IJ's decision on only some of the grounds offered by the IJ, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and we treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

The fact that the agency has relied primarily on credibility grounds in dismissing an asylum application does not, however, insulate the decision from review. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 335 (2d Cir. 2006); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[I]n order to merit substantial evidence deference, '[t]he [IJ] must give specific, cogent reasons for rejecting the petitioner's testimony,' and an adverse credibility determination may not be based upon speculation or upon an incorrect

3

analysis of the testimony." *Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 400 (2d Cir. 2005) (quoting *Ramsameachire*, 357 F.3d at 178); *see also Hong Fei Gao*, 891 F.3d at 77 ("[We ask] whether the agency has provided 'specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding.'" (quoting *Xiu Xia Lin*, 534 F.3d at 166)).

The BIA correctly concluded that the IJ's adverse credibility determination with respect to Ajrush was supported by substantial evidence. Ajrush's initial failure to disclose previous travel to the Netherlands, inconsistencies about the reason for that trip, and his hesitant demeanor when questioned on the topic, considered together in the totality of the circumstances surrounding them, provide more than sufficient support in this regard. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is due to assessments of demeanor). Although Ajrush claims these discrepancies resulted from mere oversights and innocent lapses of memory, the agency was not required to find those explanations compelling. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."

4

(internal quotation marks omitted)). Thus, we affirm the BIA's decision as to Ajrush because the IJ's credibility determination is supported by substantial evidence.

We turn next to the BIA's review of the IJ's credibility findings with respect to Arsim. Although the IJ concluded the opinion by noting that "[f]or the reasons set forth previously, the Court *also* finds Arsim Tota did not testify credibly in this proceeding," that finding was conclusory. The BIA determined that this finding was supported on three specific grounds: (1) inconsistent testimony relating to the size of a political party in Albania known as the Red and Black Alliance, (2) the absence of certain details relating to protests that Arsim had allegedly organized for the Red and Black Alliance, and (3) a lack of evidence showing political violence against members of the Red and Black Alliance during the years in question.[2] For the reasons that follow, we believe that the first two grounds relied upon by the BIA are insufficient to support such a finding as to Arsim. Although we conclude that inconsistencies between Arsim's testimony about political violence in Albania and the remainder of the record evidence presented could, perhaps, have caused a reasonable finder of fact to question Arsim's veracity, we remand this case for further proceedings because we are unable to determine with confidence that the agency would have reached the same result on that ground alone. *See Chen v. Garland*,

---

[2] Although the IJ's decision supports the adverse credibility determination relating to Arsim with additional arguments, the BIA's decision affirmatively disclaims reliance on any of those additional grounds. *See Gao v. Bd. of Immigration Appeals*, 482 F.3d 122, 125 (2d Cir. 2007) ("[W]hen the BIA issues an opinion and does not adopt the IJ's decision to any extent, we review only the BIA's decision.").

No. 19-715-AG, 2023 WL 4712460, at *3 (2d Cir. 2023) ("[W]here we cannot confidently predict whether the agency would adhere to its credibility determination absent its errors, then we remand for the agency to reconsider the question." (internal quotation marks omitted)).

The first basis underlying the IJ's adverse credibility determination with respect to Arsim was the inconsistent testimony from the petitioners and their brother, Refail Tota, related to the size of the Red and Black Alliance in Albania. Specifically, Ajrush testified that it had 105,000 members, Arsim testified that it had about 3,000, and Refail testified that it had between 5,000 to 6,000. Although testimony on this point was facially inconsistent, the record is devoid of any indication that Arsim himself had ever provided differing estimates or even that he was, as a factual matter, incorrect about the party's prominence. In the absence of any reason to believe that Arsim had provided a false account, these differing estimates alone cannot support an adverse credibility determination against him. Moreover, the IJ found that Ajrush "has not testified credibly in these proceedings," and that "[h]is failure to specify the number of protest participants, undercuts any argument that the number of Red and Black Alliance members in Tirana is greater than the estimates of his two brothers." These findings render Ajrush's estimate of party membership an unreliable basis for questioning the estimate given by Arsim, whose credibility remains to be redetermined on remand.

6

The second rationale underlying the IJ's adverse credibility determination with respect to Arsim was the absence of certain details about the protests that he had organized for the Red and Black Alliance. Arsim was not, however, asked to estimate the number of people in attendance at the rallies he allegedly organized, how many people were arrested during those protests, or whether any other individuals spoke. Because Arsim was never questioned on these points, the absence of that level of detail from his testimony is likewise insufficient to support a finding that his testimony was, as a whole, incredible. *See Qiu v. Ashcroft*, 329 F.3d 140, 151–52 (2d Cir. 2003) ("[A] legal standard that empowers an IJ or the BIA to rule against a petitioner who fails to anticipate the particular set of details that the fact-finder desires (but does not request, through questions directed to the applicant) is no standard at all. It would enable the administrative decisionmaker to reject whichever applicants that fact-finder happens to disfavor."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007); *see also Yun Qin Lian v. Mukasey*, 265 F. App'x 36, 38 (2d Cir. 2008) (summary order) ("[W]hen an IJ has concerns about the credibility of an alien's vague testimony, the appropriate course is to probe for further details.").

The third rationale underlying the IJ's adverse credibility determination with respect to Arsim was the petitioners' failure to introduce evidence demonstrating government persecution of the Red and Black Alliance in Albania. Although Arsim made broad claims that the Red and Black Alliance had fielded 140 candidates in the 2013

7

election and that some of those candidates had been harmed, no independent evidence of those facts appears within the record. Indeed, an affidavit from the petitioners' own expert witness on country conditions in Albania contains neither any information with respect to the activities of the Red and Black Alliance nor any reference to the persecution of its members by the government. Given the lack of evidence on this point, the IJ reasonably took administrative notice of the fact that the U.S. Department of State's Country Reports for Albania did not mention the Red and Black Alliance or the existence of political disappearances, prisoners, or detainees at the time police purportedly detained and harmed Arsim. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166–68 (2d Cir. 2008) (finding no error in agency's decision to take administrative notice of State Department reports that "simply corroborated" conclusion based on other record evidence). The apparent inconsistency between these sources, considered in the totality of the surrounding circumstances, could cause a reasonable finder of fact to question the credibility of Arsim's testimony that the actions allegedly taken against him were the result of his membership in the Red and Black Alliance.

Because the first two rationales cited by the BIA in support of the IJ's adverse credibility determination against Arsim—namely, the apparent discrepancy between the membership estimates and the absence of additional details about his rallies—played a significant role in the agency's analysis, we cannot confidently predict whether the same determination with respect to Arsim's credibility would be reached on remand. As a

8

result, we conclude that further proceedings before the agency are appropriate. *See Chen*, 2023 WL 4712460 at *3; *see also Liv v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) ("Where the adverse credibility determination supporting denial of relief from removal is a product of some agency findings infected by legal error and others that are not, our decision to uphold the agency decision or to remand for further proceedings depends on how confidently we can predict that the agency would reach the same decision absent the errors that were made." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is GRANTED. We VACATE the BIA's order and REMAND the case to the BIA with instructions to remand to an IJ for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9